ORIGINAL

# In the United States Court of Federal Claims

No. 13-651C
(Filed May 7, 2014)
NOT FOR PUBLICATION

FILED

MAY 7 2014

U.S. COURT OF
FEDERAL CLAIMS

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**KAMINI HAWN,**

        Plaintiff,

v.

**THE UNITED STATES,**

        Defendant.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

WOLSKI, Judge.

    Pending before the Court is defendant's motion to dismiss the complaint for lack of subject-matter jurisdiction and for failure to state a claim upon which relief can be granted, under the Rules of the United States Court of Federal Claims (RCFC) 12(b)(1) and 12(b)(6). For the reasons set forth below, the Court finds that it lacks jurisdiction over plaintiff's claims. Defendant's motion to dismiss is **GRANTED**.

### I. BACKGROUND

    Plaintiff, proceeding *pro se*, filed her complaint in this court on September 6, 2013. Compl. at 1. Plaintiff alleges that the Defense Language Institute, United States Army Garrison, Presidio of Monterrey, California (DLI), retaliated against her when she informed the Inspector General's office (IG) about perceived harassment and discrimination and that the DLI then breached the terms of the related settlement agreement. Compl. at 1–2. The relevant facts have been alleged as follows.

    Plaintiff was employed as a Hindu language instructor at the DLI from April 2007 until June 2009 under a pair of thirteen-month temporary appointments. Pl.'s

Objection to Def.'s Mot. to Dismiss (Pl.'s Opp'n), Ex. 1 at 1–2. On June 2, 2009, she filed a harassment complaint through the Department of the Army Inspector General Action Request System. Compl., Ex. 2 at 1–6. The complaint was closed on June 12, 2009, when the dean of plaintiff's department at the DLI found no evidence to substantiate the harassment. *Id.* at 6. On June 19, 2009, plaintiff was informed that her appointment would not be extended. Pl.'s Opp'n, Ex. 4. Though the letter indicates that plaintiff's term will not be extended, the paperwork confirming her appointment through July of 2010 had already been processed. Pl.'s Opp'n, Ex. 1 at 1–2. Plaintiff makes much of this distinction. Pl.'s Opp'n at 1–2 ("Extension of contract was reversed[,] which is breach of contract."). One week later on June 26, 2009, plaintiff was removed from her position as a language instructor at the DLI. Pl.'s Opp'n, Ex. 4.

Plaintiff then filed claims with the Equal Opportunity Office and the U.S. Merit Systems Protection Board (MSPB), alleging that she was discriminated against on the basis of her age and religion and that she was dismissed because of her whistleblowing activities. *See* Pl.'s Opp'n, Ex. 8 at 13. On April 21, 2010, the EEOC issued a decision denying plaintiff's claim and advising plaintiff of the 90-day period within which she could file a complaint in district court. *See* Compl., Ex. 1 at 5.

Plaintiff reached a settlement agreement with the Army on August 30, 2010. Pl.'s Opp'n, Ex. 6. As part of the settlement defendant agreed to "[a]ccept employment with the Department of the Army in a language instructor capacity for a period of thirteen (13) months if she successfully passes the Urdu OPI test" and plaintiff, in turn, agreed to withdraw and dismiss her claims with prejudice. *Id.* at 2–3. Plaintiff later sought to set aside this agreement, contending the government had misrepresented the demand for language instructors at DLI during the settlement negotiations. Mot. to Dismiss, Ex. B at 2; Compl. at 2; *see* Compl., Ex. B. An administrative law judge (ALJ) at the MSPB set aside the settlement and considered plaintiff's whistleblowing allegations. Mot. to Dismiss, Ex. B at 2. On March 2, 2012, the ALJ issued a ruling finding that the Army had established by clear and convincing evidence that it would have terminated plaintiff absent the whistleblowing activity. *Id.*

On March 27, 2012, following the ALJ's ruling, plaintiff appealed to have her case reviewed by the full MSPB and requested that she "be immediately reinstated into a pay status with back pay and back benefits." *See* Mot. to Dismiss, Ex. A at 1–2. The full MSPB issued final orders denying relief on August 1 and September 13, 2012, finding that no new evidence warranted reversing the ALJ's decision, and informing plaintiff that she could appeal the decision to the Federal Circuit. *Id.*, Ex. A at 1–4, Ex. B at 1–4. ("You have a right to request the United States Court of

Appeals for the Federal Circuit review this final decision [no later than 60 days after this order].").

Instead of appealing to the Federal Circuit, plaintiff filed a complaint against the DLI in the United States District Court for the Northern District of California on September 26, 2012, seemingly alleging that the government had discriminated against her in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000(e) et. seq., and the Age Discrimination in Employment Act, 29 U.S.C. § 621 et. seq. *See* Compl., Ex. 1 at 1. The District Court granted defendant's motion to dismiss plaintiff's claims on July 29, 2013. *Hawn v. McHugh*, No. 5:12-cv-05014, 2013 WL 3958387, at *4 (N.D. Cal. July 29, 2013).[1] The court informed plaintiff that if she wanted to continue to pursue her retaliation claim, the proper course was an appeal to the Federal Circuit, not a new complaint in the District Court. *Id.* at *4 n.2.

Plaintiff filed a complaint in this court on September 6, 2013, alleging that she was fraudulently induced to enter into a settlement agreement with the United States Army. Plaintiff claims that defendant's actions led to her unfair dismissal, "mental anguish and [indigence]." Compl. at 3. As a remedy plaintiff seeks to be reinstated in her job at the DLI with full pay, benefits, tenure and back-pay. *Id.* at 3.

Defendant filed a motion to dismiss in lieu of an answer on November 4, 2013, containing two principle arguments for dismissal. First, defendant argues that the Court does not have jurisdiction over plaintiff's claim because the Court lacks jurisdiction over claims that fall within the jurisdiction of the MSPB. Mot. to Dismiss at 3 (citing *Contreras v. United States*, 64 Fed. Cl. 583, 587 (2005), *aff'd* 168 F. App'x 938 (Fed. Cir. 2006)). Inasmuch as plaintiff's claim is an appeal of the MSPB decision, defendant argues that the Court has no jurisdiction to hear appeals from the MSPB. *Id.* at 3–4 (citing 5 U.S.C. § 7703(b)(1)(a)). Second, defendant argues in the alternative that plaintiff's claims should be dismissed because she failed to state a claim upon which relief can be granted under RCFC 12(b)(6). *Id.* at 5–7. Since plaintiff failed to "allege any basis for jurisdiction," defendant argues that the complaint should be dismissed. *Id.* at 6 (citing RCFC 8(a)(1)). Alternatively, the government contends that plaintiff's failure to present a *prima facie* contract claim based on the settlement agreement should cause the Court to dismiss her claim. *Id.* at 6–7 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

---

[1] An amended complaint was subsequently filed, alleging age discrimination, but it was dismissed as time-barred. *Hawn v. McHugh*, No. 5:12-cv-05014, 2014 WL 232303 at *1 (N.D. Cal. Jan. 21, 2014).

Plaintiff, in opposing the motion, argues that her claim is based on the early termination of her appointment "which is [a] breach of contract." Pl.'s Opp'n at 1. She also claims that the settlement agreement was "breached due to the Agency's fraud and lies," and lists the elements of her purported fraud claim against the government. Pl.'s Opp'n at 2, 5. Plaintiff also makes some references, of unclear import, to equitable tolling and the Federal Circuit's jurisdiction over appeals of MSPB decisions concerning claims of retaliation against whistleblowers. *Id.* at 2–4. In its reply in support of its motion to dismiss, the government reiterates its argument that, to the extent plaintiff is appealing the decision of the MSPB, the matter is outside our jurisdiction; that the settlement agreement cannot support her claim because it has been set-aside; and that plaintiff's claims related to the termination of her federal employment cannot be heard in this court. Def.'s Reply to Pl.'s Resp. to Def.'s Mot. to Dismiss at 3.

## II. DISCUSSION

Under RCFC 12(b)(1), claims brought before this court must be dismissed when it is shown that the court lacks jurisdiction over their subject matter. When considering a motion to dismiss for lack of subject-matter jurisdiction, courts will normally accept as true all factual allegations made by the pleader and draw all reasonable inferences in the light most favorable to that party. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Pixton v. B&B Plastics, Inc.*, 291 F.3d 1324, 1326 (Fed. Cir. 2002) (requiring that on a motion to dismiss for lack of subject-matter jurisdiction the court views "the alleged facts in the complaint as true, and if the facts reveal any reasonable basis upon which the non-movant may prevail, dismissal is inappropriate"); *CBY Design Builders v. United States*, 105 Fed. Cl. 303, 325 (2012).

While a *pro se* plaintiff's filings are to be liberally construed, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), this lenient standard cannot save claims which are outside the court's jurisdiction from being dismissed, *see, e.g.*, *Henke v. United States*, 60 F.3d 795, 799 (Fed. Cir. 1995). The party invoking a court's jurisdiction bears the burden of establishing it, and must ultimately do so by a preponderance of the evidence. *See McNutt v. GMAC*, 298 U.S. 178, 189 (1936); *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1998); *Rocovich v. United States*, 933 F.2d 991, 993 (Fed. Cir. 1991).

After considering defendant's argument and plaintiff's response and sur-reply, the court **GRANTS** defendant's motion to dismiss pursuant to RCFC 12(b)(1).[2] Our court lacks jurisdiction over matters that fall within the jurisdiction

---

[2] Because we conclude that plaintiff's claims are not within our jurisdiction, we do not reach the government's alternative argument.

of the MSPB. *See Contreras*, 64 Fed. Cl. at 587 (holding that where "a matter falls within the competence of the MSPB, this Court is without jurisdiction") (citing *Lindahl v. OPM*, 470 U.S. 768 (1985)). The Court does not have jurisdiction over matters falling within the competence of the MSPB, including plaintiff's complaint. *Id.* This is so even where, as appears to be the case here, the MSPB can afford a plaintiff no relief. *United States v. Fausto*, 484 U.S. 439, 455 (1988); *McGee v. United States*, 5 Cl. Ct. 480, 481 (1984).

There are three different ways the Court could read plaintiff's complaint, and under any of these readings we lack jurisdiction over it. First, to the extent that plaintiff is appealing the MSPB's denial on the merits of her retaliation or whistleblower claim, which is suggested by her reference to having "exhausted all of her administrative remedies," we clearly lack jurisdiction over it. Under 5 U.S.C. § 7703(b)(1)(a) a "petition to review a final order or final decision of the [MSPB] shall be filed in the United States Court of Appeals for the Federal Circuit." As the Supreme Court explained, the jurisdiction granted under 5 U.S.C. § 7703(b)(1) is exclusive to the Court of Appeals for the Federal Circuit. *Lindahl v. OPM*, 470 U.S. 768, 776 (1985). Thus if plaintiff seeks to have this Court review the decisions of the MSPB, the complaint must be dismissed for lack of jurisdiction.

The second possible reading of plaintiff's complaint is that she is attempting to appeal, or relitigate, the merits of her disputed early termination. This reading is suggested by plaintiff's references to the "[e]xtension of [her] contract" being "reversed" and this constituting a "breach of contract." Pl.'s Opp'n at 1–2. The problem with this reading is that claims regarding the termination of Federal employees are, absent special circumstances not present here, heard by the MSPB. *See McGee*, 5 Cl. Ct. at 481 (holding that the remedies provided by the Civil Reform Act are "all-inclusive" with respect to claims regarding dismissal of temporarily appointed employee); *Hamlet v. United States*, 873 F.2d 1414, 1417 n.5 (Fed. Cir. 1989) (explaining that breach of contract actions by federal employees based on their employment are precluded). Review is excluded in this court even if, as was the case here, the merits of the dismissal are not reviewable by the MSPB. *Id.*; Def.'s Mot., Ex. A at 2; *Fausto*, 484 U.S. at 455; *McGee*, 5 Cl. Ct. at 481.

The third possible reading of plaintiff's complaint is that she is suing for breach of her settlement agreement.[3] Though breach of a settlement agreement

---

[3] To the extent that plaintiff is contending that the government committed fraud against her by inducing her to enter the settlement agreement, that claim is outside our subject matter jurisdiction. 28 U.S.C. § 1491(a) ((2012) ("The United States Court of Federal Claims shall have jurisdiction upon any claim against the United States . . . not sounding in tort."); *Phu Mang Phang v. United States*, 388 F. App'x 961, 963 (Fed. Cir. 2010).

between a federal employee and the government can fall within our jurisdiction, *Holmes v. United States*, 657 F.3d 1303, 1312 (Fed. Cir. 2011), we cannot assert jurisdiction over the settlement agreement because, as the plaintiff admits, it has been set aside. Compl. ¶ 2; Def.'s Mot., Ex. B at 2.

Having concluded that the Court lacks jurisdiction over plaintiff's claims, the Court addresses whether the interests of justice are served by transferring plaintiff's claims to another court. *See* 28 U.S.C. § 1631 (2012) ("[T]he court shall, if it is in the interest of justice, transfer [a civil action] to any other such court in which the action or appeal could have been brought."). Section 1631 permits transfer of a claim only to a court where the claim "could have been brought at the time it was filed." Title 5 Section 7703(b)(1)(A) in turn states that appeals of MSPB decisions must be filed in the United States Court of Appeals for the Federal Circuit "within 60 days after the petitioner received notice of the final order or decision of the board."[4] The MSPB decisions were issued on August 12, 2012, and September 13, 2012, roughly one year before the complaint was filed in this case. Plaintiff has not claimed the MSPB failed to inform her of these decisions in a timely fashion. The burden would be on her to show that she did not have timely notice of the decision. Since she has failed to carry that burden, her appeal would not have been timely when filed and as such the Court cannot transfer plaintiff's case to the Federal Circuit.

### III. CONCLUSION

For the reasons stated above, defendant's motion to dismiss this case for lack of subject-matter jurisdiction, under RCFC 12(b)(1), is **GRANTED**. The Clerk shall close the case. No costs shall be awarded.

IT IS SO ORDERED.

_____
VICTOR J. WOLSKI
Judge

---

[4] On November 27, 2012, after the relevant date in this case, Congress changed the language of 5 U.S.C. § 7703(b)(1) to state that appeals must be filed "within 60 days after the MSBP issues notice of the final order or the decision of the board."